# EXHIBIT A

# EXHIBIT A

KAREN INFANTE ALLEN
TRUMBULL CO CLERK OF COURTS
2020 CV 01379 WWM
FILED: 12/15/2020 10:26 AM

**IN THE COURT OF COMMON PLEAS**
**TRUMBULL COUNTY, OHIO**

|  |  |
|---|---|
| Patricia Jones<br>c/o Zuzolo Law Offices, LLC<br>700 Youngstown Warren Road<br>Niles, OH 44446 | ) )<br>)<br>)<br>)<br>) |
| Plaintiff, | )<br>) Case No.:<br>)<br>) Judge: |
| v. | )<br>) |
| LendingClub Corporation<br>c/o Corporation Service Company<br>50 West Broad Street, Suite 1330<br>Columbus, OH 43215 | )<br>) **COMPLAINT**<br>)<br>)<br>) |
| Discover Bank<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | ) **JURY DEMAND**<br>) **ENDORSED HEREON**<br>)<br>)<br>) **INSTRUCTIONS FOR**<br>) **SERVICE** |
| The Home Depot/Citibank, National Association<br>c/o CT Corporation System<br>4400 Easton Commons Way, Suite 125<br>Columbus, OH 43219 | )<br>)<br>)<br>)<br>) |
| Defendants. | )<br>)<br>) |

## JURISDICTION AND VENUE

1. Jurisdiction and venue are proper in this judicial district because Plaintiff resides in this
   judicial district and many of the facts relevant to this Complaint occurred in this judicial
   district.

## PARTIES

2. Plaintiff, Patricia Jones, ("Ms. Jones" or "Plaintiff"), is a natural person residing in the City of Niles, County of Trumbull, in the State of Ohio.  Plaintiff is a "consumer" as that term is defined under the Fair Credit Reporting Act ("FCRA").

3. Defendant, LendingClub Corporation ("LendingClub"), is a foreign corporation doing business in the state of Ohio. LendingClub is a furnisher of information as defined by the FCRA.

4. Defendant, Discover Bank ("Discover"), is a foreign corporation doing business in the state of Ohio. Discover is a furnisher of information as defined by the FCRA.

5. Defendant, The Home Depot/Citibank, National Association ("Citi" or "Home Depot"), is a foreign corporation doing business in the state of Ohio. Citi is a furnisher of information as defined by the FCRA.

## STATEMENT OF FACTS

6. Plaintiff filed a police report with the Niles Police Department on or around September 6, 2018, detailing identity fraud which occurred when Plaintiff's daughter opened and/or used several credit card accounts in Plaintiff's name.

7. On March 6, 2019, Plaintiff sent a credit dispute letter to the three major credit bureaus, Equifax, Experian, and Trans Union, along with the September 6, 2018 police report. The responses received from the three credit bureaus indicate the following regarding the disputed accounts:

| Account Disputed | Trans Union's Response | Equifax's Response | Experian's Response |
|---|---|---|---|
| LendingClub | Deleted from credit report | Status: disputed by consumer; charge off | Reporting as past due |
| Sherwin Williams | Not reporting | Not reporting | Not reporting |
| Home Depot | Deleted from | Verified | Status: disputed |

|  | credit report | Status: charge off | by consumer; charge off |
|---|---|---|---|
| Discover | Deleted from credit report | Verified<br><br>Status: over 120 days past due; account closed; consumer disputes after resolution | Status: account closed |
| Jefferson Capital Systems/AT&T | Not reporting | Not reporting | Not reporting |
| Marcus by Goldman Sachs | Not reporting | Not reporting | Not reporting |
| Central Portfolio Control/Absolute Resolutions Investment, LLC/First National Bank of Omaha | Not reporting | Not reporting | Not reporting |

8. On or around October 8, 2019, Plaintiff sent another credit dispute letter to the three major credit bureaus, disputing the accounts contained in the March 2019 dispute letter as well as several other accounts. The responses received from the three credit bureaus indicate the following regarding the disputed accounts:

| Account Disputed | Trans Union's Response | Equifax's Response | Experian's Response |
|---|---|---|---|
| LendingClub | -- | Verified<br><br>Status: charge off | Not reporting |
| Sherwin Williams | -- | Not reporting | Not reporting |
| Home Depot | -- | Verified<br><br>Status: charge off | Not reporting |
| Discover | Verified<br><br>Status: charge off | Verified<br><br>Status: charge off; consumer | Verified<br><br>Status: disputed; charge off |

| | | disputes after resolution | |
|---|---|---|---|
| Jefferson Capital Systems/AT&T | -- | Not reporting | Not reporting |
| Marcus by Goldman Sachs | -- | Not reporting | Not reporting |
| Central Portfolio Control/Absolute Resolutions Investment, LLC/First National Bank of Omaha | -- | Not reporting | Not reporting |
| Credit First | -- | Verified | Deleted from credit report |
| CACH, LLC/Capital One, N.A./HSBC Bank Nevada, N.A. | -- | Not reporting | Not reporting |

9. Trans Union's response to Plaintiff's March 2019 dispute letter indicated that the Discover account had been deleted from her credit. However, Trans Union's response to Plaintiff's October 2019 dispute letter indicated that the Discover account, which Trans Union previously indicated had been deleted from Plaintiff's credit, was verified as accurate and was reporting as a charge off.

10. Plaintiff received correspondence from AT&T dated February 7, 2020 indicating that it had concluded that Plaintiff was not responsible for the bill and that it had authorized its outside Collection Agency to remove all negative references in Plaintiff's credit record regarding this debt.

11. Plaintiff sent another credit dispute letter to all three bureaus dated June 18, 2020, disputing several accounts, as well as an address and several phone numbers which appeared on Plaintiff's report but do not belong to her. This dispute letter included an FTC Fraud Affidavit detailing the fraudulent activity, Plaintiff's photo identification, a police report

detailing the fraudulent activity, and a list of the accounts for which Plaintiff asserts she is not responsible.

12. On or around July 13, 2020, Plaintiff forwarded a copy of the June 2020 dispute letter to each of the disputed creditors.

13. The responses received from the credit bureaus indicate the following regarding the disputed accounts:

| Account Disputed | Trans Union's Response | Equifax's Response | Experian's Response |
|---|---|---|---|
| LendingClub | Does not indicate whether this account remains | Verified<br><br>Status: charge off | Not reporting |
| Home Depot/THD | Does not indicate whether this account remains | Indicates Home Depot account is not reporting; however, THD/CBNA account is reporting as verified;<br><br>Status: charge off; account closed at consumer's request | Not reporting |
| Discover | Indicates this account was updated<br><br>Status: "disp invg comp-rpt by grntr;" unpaid balance charged off | Verified<br><br>Status: charge off; account previously in dispute – now resolved by data furnisher | Verified<br><br>Status: disputed; charge off |
| Marcus by Goldman Sachs | Does not indicate whether this account remains | Indicates this account is not reporting | Not reporting |
| Central Portfolio Control/Absolute Resolutions Investment, LLC/First National Bank of Omaha | Does not indicate whether this account remains | Indicates this account is not reporting | Not reporting |
| CACH, | Does not indicate | Indicates this | Not reporting |

| LLC/Capital One, N.A./HSBC ▆▆ Nevada, N.A. | whether this ▆▆ remains | account is not reporting | |
|---|---|---|---|

14. Experian's dispute results dated July 13, 2020 state that Experian declined Plaintiff's request to block one or more of the items of information. Experian sent another letter dated July 13, 2020 which stated that it had previously processed the same dispute and therefore it would not reinvestigate Plaintiff's dispute; Experian indicated that it would reinvestigate the disputed information if Plaintiff provided additional relevant information that was not presented with her previous disputes.

15. Plaintiff received correspondence from Home Depot dated July 29, 2020 indicating that it had determined that she was not responsible for the account, and that it had notified the consumer reporting agencies to remove the account from Plaintiff's credit file.

16. Plaintiff received correspondence from Marcus by Goldman Sachs dated August 28, 2020 indicating that it had determined that she was no longer liable for the Marcus loan in her name.

17. Therefore, Plaintiff's efforts to dispute the validity of the trade lines appearing on her credit due to identity theft were valid and substantiated, yet it took well over a year and multiple credit dispute letters in order for Citi to correct an issue that should have properly been corrected after Plaintiff's initial dispute. Further, despite this validation of Plaintiff's identity theft claims, Discover and LendingClub have still failed to correct these accounts.

18. As a result of Discover, Citi, and LendingClub's repeated refusal to correct these accounts, Ms. Jones has suffered loss and damage including, but not limited to, credit damage, costs for engaging counsel to rectify the improper reporting, expenditure of time

and resources, postage costs for sending multiple credit dispute letters, mileage and travel costs to her attorney's office, as well as anxiety, mental anguish, humiliation, embarrassment and emotional distress surrounding credit cards being opened in her name without her authorization and used without her authorization, destroying her credit reputation, and being unable to get this issue corrected for over a year and a half despite multiple disputes, entitling her to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

## COUNT I: THE FAIR CREDIT REPORTING ACT

### Failure to Conduct Reasonable Investigation Pursuant to 15 U.S.C. § 1681s-2(b): Discover, Citi, and LendingClub

19. Plaintiff hereby incorporates by reference all well-pleaded allegations contained in each and every of the preceding paragraphs as if fully rewritten herein.

20. 15 U.S.C. §1681s-2(b) places a duty on the furnisher of information, after being put on notice of a consumer dispute from a credit reporting agency, to conduct a reasonable investigation into the accuracy of the information. *See Johnson v. MBNA*, 357 F.3d 426 (4th Cir. 2004).

21. In response to Plaintiff's March 2019 dispute, Equifax and Experian had a duty to notify LendingClub, Discover, and Citi of Plaintiff's dispute.

22. After receiving notification from Equifax and Experian of the March 2019 dispute, LendingClub, Discover, and Citi all failed to conduct a reasonable investigation, in violation of the FCRA, as evidenced by the fact that they verified the false information to Equifax and Experian.

23. In response to Plaintiff's October 2019 dispute, Equifax had a duty to notify LendingClub and Citi of Plaintiff's dispute.

24. After receiving notification from Equifax of Plaintiff's October 2019 dispute, LendingClub and Citi failed to conduct a reasonable investigation, in violation of the FCRA, as evidenced by the fact that they verified the false information to Equifax.

25. In response to Plaintiff's October 2019 dispute, Equifax, Experian, and Trans Union all had a duty to notify Discover of Plaintiff's dispute.

26. After receiving notification from the credit reporting agencies of Plaintiff's October 2019 dispute, Discover failed to conduct a reasonable investigation, in violation of the FCRA, as evidenced by the fact that it verified the false information to Equifax, Experian, and Trans Union.

27. In response to Plaintiff's June 2020 dispute, Equifax, Experian, and Trans Union all had a duty to notify Discover of Plaintiff's dispute.

28. After receiving notification from the credit reporting agencies of Plaintiff's June 2020 dispute, Discover again failed to conduct a reasonable investigation, in violation of the FCRA, as evidenced by the fact that it verified the false information to Equifax, Experian, and Trans Union.

29. In response to Plaintiff's June 2020 dispute, Equifax also had a duty to notify LendingClub and Citi of Plaintiff's dispute.

30. After receiving notification from Equifax of Plaintiff's June 2020 dispute, LendingClub and Citi failed to conduct a reasonable investigation, in violation of the FCRA, as evidenced by the fact that it verified the false information to Equifax.

31. As a direct and proximate result of Citi, LendingClub, and Discover's willful and/or negligent refusal to conduct a reasonable investigation into Plaintiff's disputes, Ms. Jones has suffered loss and damage including, but not limited to, credit damage, costs for engaging counsel to rectify the improper reporting, expenditure of time and resources, postage costs for sending multiple credit dispute letters, mileage and travel costs to her attorney's office, as well as anxiety, mental anguish, humiliation, embarrassment and emotional distress surrounding credit cards being opened in her name without her authorization and used without her authorization, destroying her credit reputation, and being unable to get this issue corrected for over a year and a half despite multiple disputes, entitling her to an award of actual damages in amounts to be proved at trial, plus attorneys' fees together with the costs of this action pursuant to 15 U.S.C. § 1681o.

## **TRIAL BY JURY**

32. Plaintiff is entitled to and hereby respectfully requests a trial by jury on each and every matter so entitled.  US Const. Amend. 7.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment as follows:

A. For an award of actual damages, including non-economic damages, in excess of $25,000;

B. Punitive damages as provided for in 15 U.S.C. § 1681n(2);

C. Injunctive relief as outlined herein;

D. For an award of reasonable attorneys' fees and costs;

E. For such other and further relief as the Court believes may be just and proper.

Respectfully submitted,

*/s/ Patrick B. Duricy*
Philip D. Zuzolo (0081865)
Patrick B. Duricy (0042511)
Shayla M. Schroeder (0098731)
Zuzolo Law Offices, LLC
700 Youngstown Warren Rd
Niles Ohio 44446
330/652-1609
330/652-9421
lawyers@zuzolo.com

## <u>INSTRUCTIONS FOR SERVICE</u>

Please serve a copy of the Summons and Complaint on all Defendants at the addresses

listed above by certified mail, return receipt requested, pursuant to the Ohio Rules of Civil

Procedure.

*/s/ Patrick B. Duricy*
Philip D. Zuzolo (0081865)
Patrick B. Duricy (0042511)
Zuzolo Law Offices, LLC

UNITED STATES
POSTAL SERVICE.

**UNITED STATES**
**POSTAL SERVICE.**

Date Produced: 12/28/2020

TRUMBULL COUNTY CLERK OF COURTS:

FILED
COURT OF COMMON PLEAS

JAN 5 2021

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

The following is the delivery information for Certified Mail™ item number 9489 0090 0027 6117 6361 14.
Our records indicate that this item was delivered on 12/23/2020 at 11:44 a.m. in COLUMBUS, OH 43224.
The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.

Customer Reference Number:        0362150 342392852020 CV 01379



2020 CV
01379
00079913978
SUCC

**UNITED STATES**
**POSTAL SERVICE.**

FILED
COURT OF COMMON PLEAS

JAN  5 2021

TRUMBULL COUNTY, OH
KAREN INFANTE ALLEN, CLERK

Date Produced: 12/28/2020

TRUMBULL COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 9489 0090 0027 6117 6361 21. Our records indicate that this item was delivered on 12/23/2020 at 11:44 a.m. in COLUMBUS, OH 43224. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number:        0362150 342392852020 CV 01379



2020 CV
01379
00020696185
SUCC

# UNITED STATES POSTAL SERVICE.

Date Produced: 01/04/2021

TRUMBULL COUNTY CLERK OF COURTS:

The following is the delivery information for Certified Mail™ item number 9489 0090 0027 6117 6361 07.
Our records indicate that this item was delivered on 12/28/2020 at 12:34 p.m. in COLUMBUS, OH 43215.
The scanned image of the recipient information is provided below.

Signature of Recipient :

*CSC Lawyers*

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance,
please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal
Service. It is solely for customer use.

Customer Reference Number:        0362150 342392852020 CV 01379



2020 CV
01379
00047257361
SUCC